United States District Court
District of Massachusetts

| | |
|---|---|
| Robert P. Marley, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 17-10056-NMG |
| The Bank of New York Mellon, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves an attempt by Robert P. Marley, II ("plaintiff" or "Marley") to discharge a mortgage encumbering his property in Lynnfield, Massachusetts. The Bank of New York Mellon ("defendant" or "BNY Mellon") successfully moved to intervene in the case while it was in state court and now seeks to dismiss plaintiff's petition.

Pending before the Court are defendant's motion to dismiss plaintiff's claims and plaintiff's motion to remand the case to state court. Also pending are plaintiff's motions for a stay or an extension of time to file a response to defendant's motion to dismiss and for a scheduling order. For the reasons that follow, 1) defendant's motion to dismiss will be allowed, 2) plaintiff's motion to remand will be denied and

-1-

3) plaintiff's motions for a stay or an extension of time and for a scheduling order will be denied as moot.

## I. Background

In January, 2016, Marley filed a petition, pursuant to M.G.L. c. 240, § 15(a)-(b), in the Massachusetts Superior Court for Essex County, to discharge a mortgage on real property that he owns at 18 Lakeview Drive in Lynnfield, Massachusetts. Initially, Marley listed no respondents to the case but, after a court order directing him to do so, Marley served several interested parties, including BNY Mellon, with notice of his petition.

After accepting service, BNY Mellon and other interested parties removed the case to this Court and it was assigned to the session of Chief District Judge Patti B. Saris ("Judge Saris"). In September, 2016, Judge Saris remanded the case to Essex Superior Court because one of the interested parties had not consented to its removal.[1]

Back in state court, in December, 2016, BNY Mellon successfully moved to intervene in the case because it had been assigned the subject mortgage. The Superior Court then directed the other interested parties who had been served to move to intervene on or before January 9, 2017. No other parties so

---

[1] Although BNY Mellon's standing to remove the case was tenuous, that issue was not addressed by the parties.

moved and, as a result, BNY Mellon became the only respondent in the case.

On January 12, 2017, BNY Mellon again removed the case to this Court and it was assigned to this session. The following week, BNY Mellon moved to dismiss Marley's petition for failure to state a claim upon which relief can be granted. Marley did not oppose the motion but instead filed a motion to stay the case or, alternatively, to extend the time allotted for a response because he was recovering from surgery. Two weeks later, in March, 2017, Marley filed a motion for a scheduling order and a motion to remand the case. This memorandum addresses all four pending motions.

## II. **Plaintiff's Motion to Remand**

Plaintiff moves to remand the case, pursuant to 28 U.S.C. § 1446(b)(1), on grounds that the removal was untimely and that the order entered by Chief Judge Saris previously remanding the case prevents BNY Mellon from removing it a second time.

Plaintiff's first contention, that defendant's notice of removal was untimely, is unpersuasive. Defendant removed the case pursuant to 28 U.S.C. § 1446(b)(3) not, as plaintiff claims, 28 U.S.C. § 1446(b)(1).

Second, plaintiff asserts that defendant's instant attempt to remove is, in effect, an improper appeal of the first remand order in violation of § 1447(d). The Court disagrees.

28 U.S.C. § 1447(d) provides that:

[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

It is well-established that

[s]uccessive attempts at removal are permissible where the grounds for removal become apparent only later in the litigation.

Amoche v. Guar. Tr. Life Ins. Co., 556 F.3d 41, 53 (1st Cir. 2009) (citing FDIC v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir. 1979) (per curiam))).

Here, grounds for removal did not exist until January, 2017, when no other interested parties filed motions to intervene in the action filed in state court, leaving defendant as the sole opposing party in that case. The unanimity issue that jeopardized removal the first time was no longer viable. Therefore, defendant is permitted to remove the case a second time.

### III. **Defendant's Motion to Dismiss**

#### A.   **Legal Standard**

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face."

Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id. Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

**B. Application**

Defendant moves to dismiss plaintiff's petition on grounds that plaintiff admits that he has not satisfied his mortgage obligations and that he has not been in possession of the property for at least one year after the time provided in the mortgage for full performance. Plaintiff has not responded to defendant's arguments.

Pursuant to M.G.L. c. 240, § 15(a), a mortgage can be discharged only if the mortgagor

> claim[s] that the mortgage has been fully paid or the conditions or obligations secured thereby have been fully satisfied.

In his petition, plaintiff admits that he "stop[ped] paying on the purported mortgage loan" in 2009. Therefore, he has not stated a claim to discharge his mortgage pursuant to M.G.L. c. 240, § 15(a). See Lima v. Holder, 758 F.3d 72, 79 (1st Cir. 2014) ("[A] party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." (quoting Schott Motorcycle Supply, Inc. v. Am. Honda Motor Co., 976 F.2d 58, 61 (1st Cir. 1992))).

Plaintiff has also failed to state a claim for discharge pursuant to M.G.L. c. 240, § 15(b). A mortgagor may have a mortgage discharged pursuant to § 15(b) if there is no "actual or direct evidence of full payment . . . of the mortgage" and the mortgagor has been in "uninterrupted possession" of the property

> for any period of 1 year after the expiration of the time limited in the mortgage for the full performance of the condition thereof . . . .

M.G.L. c. 240, § 15(b).

Full payment on the subject mortgage is not, however, due until January 1, 2035 and thus, expiration of the time for full performance is a long way off.

In his petition, plaintiff submits that, because defendant sought to accelerate satisfaction of the mortgage in or about April, 2009, the one-year limitation period commenced at that time. There is, however, nothing in the statute that suggests that acceleration of a payment hastens the one-year period. Rather, the statute considers only the time period provided in the mortgage, which is January 1, 2035. Cf. Hayden v. HSBC Bank USA, No. 16-2274, 2017 WL 3392677, at *2 (1st Cir. Aug. 8, 2017) (concluding that, pursuant to M.G.L. c. 260, § 33, a mortgage is only "discharged five years after the expiration of the stated term . . . [in] the mortgage" because nothing in the statute supports the idea that acceleration affects the expiration date included in the mortgage).

Therefore, plaintiff has also not stated a claim for discharge under § 15(b).

Finally, plaintiff appears to imply that his mortgage should be discharged under M.G.L. c. 260, § 33 because it has been more than five years since defendant sought to accelerate payment of the loan.

That statute provides that a mortgage is subject to discharge five years after the expiration date listed in the

mortgage. Deutsche Bank Nat'l Tr. Co. v. Fitchburg Capital, LLC, 28 N.E.3d 416, 420-21 (Mass. 2015). As noted above, M.G.L. c. 260, § 33 only refers to the expiration date of the mortgage. Hayden, 2017 WL 3392677, at *2. Because that date is January 1, 2035, plaintiff's mortgage is not subject to discharge pursuant to M.G.L. c. 260, § 33.

Accordingly, defendant's motion to dismiss will be allowed.

## IV. The Remaining Motions

Plaintiff has also filed motions to stay or extend the deadline to respond to defendant's motion to dismiss and to issue a scheduling order.

In his motion to stay, or, alternatively, extend the deadline to respond to defendant's motion to dismiss, plaintiff asked for 60 days to recover from recent back surgery. Two weeks after filing that motion, however, plaintiff filed two additional motions (to remand and for a scheduling order). Moreover, those 60 days have long since elapsed and plaintiff has not responded to defendant's motion. Therefore, the Court will deny plaintiff's motion, as moot.

Second, plaintiff's motion for a scheduling order will also be denied, as moot, because the Court will allow defendant's motion to dismiss.

## ORDER

In accordance with the foregoing,

1) defendants' motion to dismiss (Docket No. 7) is **ALLOWED**,

2) plaintiff's motion to stay or, alternatively, for an extension of time to respond to defendant's motion to dismiss (Docket No. 15) is **DENIED, as moot**,

3) plaintiff's motion for a scheduling order (Docket No. 19) is **DENIED, as moot** and

4) plaintiff's motion to remand (Docket No. 20) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 7, 2017